**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY


VERNON HARRIS,                 :
                                      Civil Action No. 07-4581 (JAG)
          Petitioner,          :

     v.                        :   OPINION

ALBERTO GONZALEZ, et al.,      :

          Respondents.         :
```

**APPEARANCES:**

Petitioner pro se                Counsel for Respondents
Vernon Harris                    Jafer Aftab
Hudson County Correctional Center   Asst. U.S. Attorney
35 Hackensack Avenue             970 Broad Street, Suite 700
Kearny, NJ 07102                 Newark, NJ 07102

**GREENAWAY, JR.**, District Judge

Petitioner Vernon Harris has submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241,[1] challenging his detention, pursuant to an Order of Removal. The respondents are the Attorney General of the United States, the Secretary of the Department of Homeland Security, the Director of Detention and

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Removal Operations of the Newark District Field Office, and Oscar Aviles, the Director of the Hudson County Correctional Center.

For the reasons discussed below, the Petition will be dismissed without prejudice.

## I.   BACKGROUND

Petitioner is a native and citizen of the United Kingdom. He entered the United States in 1972, as a minor, on his mother's United Kingdom passport and visitor visa.  Petitioner overstayed the time permitted by his visitor's visa.

In 1985, Petitioner was convicted in the Superior Court of New Jersey, Union County, and sentenced to a 15-year term of imprisonment for armed robbery and related offenses.  In 1994, Petitioner pleaded guilty in the Superior Court of New Jersey, Union County, to six other counts of armed robbery, and in 1995, he was sentenced to six concurrent terms of 25 years imprisonment upon those convictions.

On October 4, 2006, while Petitioner was confined, pursuant to the New Jersey criminal convictions, an Immigration Judge ordered Petitioner removed to the United Kingdom.  Petitioner did not appeal, rendering the order of removal final.

On March 15, 2007, the New Jersey State Parole Board paroled Petitioner, subject to the following special condition, among others: "You are being paroled upon the condition that you be deported, or excluded and deported, from the United States within

six months after any final order of deportation, or exclusion and deportation, is entered." Also on March 15, 2007, Petitioner was taken into federal custody, pursuant to the order of removal.

Respondents acknowledge that Petitioner cooperated in efforts to effectuate his removal. However, the British consulate required more information from Petitioner's relatives, and Petitioner's removal was not accomplished when the New Jersey Department of Corrections executed a parole violator warrant on September 5, 2007, and took Petitioner into state custody. After a parole revocation hearing on September 20, 2007, a New Jersey Parole Hearing Officer determined that Petitioner had violated the conditions of his parole, but recommended that parole be continued. On October 3, 2007, an Adult Panel of the New Jersey State Parole Board concurred with the finding that Petitioner had violated the conditions of his parole, but did not adopt the recommendation to continue Petitioner on parole and, instead, revoked his parole.

Petitioner has remained in the primary custody of the State of New Jersey since September 5, 2007. Currently, Petitioner is serving his state sentence at Bayside State Prison in Leesburg, New Jersey.[2] Petitioner's projected maximum release date is July

---

[2] Petitioner has not advised this Court of any change of address; however, the New Jersey Department of Corrections Inmate Locator reflects that Petitioner is presently confined at Bayside State Prison.

10, 2011, and his projected parole eligibility date is August 31, 2008.

On the same day as his parole hearing, September 20, 2007, Petitioner sent this Petition, which was received by this Court on September 25, 2007. Respondents have answered, and this matter is now ready for resolution.

## II.  ANALYSIS

Post-removal-order detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days. However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable. See Zadvydas v.

4

Davis, 533 U.S. 678 (2001); Clark v. Martinez, 543 U.S. 371 (2005).

Here, as of the date the Petition was filed, Petitioner was no longer in the custody of the federal government, pursuant to § 1231(a)(6). By that date, Petitioner had been taken into custody by the State of New Jersey, pursuant to the parole violator warrant. Petitioner has remained continuously in state custody since September 5, 2007. Accordingly, Petitioner cannot establish that his present custody violates the Zadvydas rule.

The applicable removal period will begin to run anew when Petitioner is again paroled or released into federal custody under the removal statutes. See, e.g., 28 U.S.C. § 1231(a)(1)(B)(iii); Gregory v. B.I.C.E./D.H.S., Civil Action No. 06-4008 (SDW), 2007 WL 708856 (March 6, 2007) (removal period begins to run anew upon the happening of any of the events described in § 1231(a)(1)(B)); Michel v. INS, 119 F.Supp.2d 485, 498 (M.D. Pa. 2000) (same). Thus, Petitioner is not entitled to issuance of the writ at this time.

In addition, there is no basis for requiring the government to run the six-months presumptively-reasonable period concurrently with Petitioner's sentence. The Supreme Court, in Zadvydas, explicitly held that civil detention for six months in order to attempt to effectuate removal comports with the requirements of due process. 533 U.S. at 701. In a related

context, although federal law permits removal prior to the completion of a criminal sentence in narrow circumstances, see 8 U.S.C. § 1231(a)(4), federal courts have held that a prisoner has no right to compel such early removal and that there is no due process violation in requiring a prisoner to complete his sentence before removal or before the initiation of removal proceedings.  See, e.g., Phillips v. Nash, 2005 WL 3440323, *4 (collecting cases).

Here, there is no due process violation in requiring Petitioner to complete his sentence before commencement of the removal period under § 1231(a)(1)(B)(iii).  The Petition will be dismissed without prejudice to Petitioner filing an appropriate petition should his future detention violate the due process requirements of Zadvydas.

### III.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice.  An appropriate order follows.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated:  May 6, 2008